NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, INC., a nonprofit corporation; GRAY PANTHERS OF SACRAMENTO, a nonprofit corporation; GRAY PANTHERS OF SAN FRANCISCO, a nonprofit corporation; GERALD SHAPIRO, DBA Uptown Pharmacy and Gift Shoppe, Pharm. D.; SHARON STEEN, DBA Central Pharmacy; TRAN PHARMACY, INC.; MARK BECKWITH; MARGARET DOWLING, Petitioners-Appellants, v. RICHARD FIGUEROA, Jr., Acting Director of Department of Health Care Services of the State of California, Respondent-Appellee. | No. 20-55193 D.C. No. 2:08-cv-03315-CAS-MAN MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 25, 2021
Pasadena, California

Before: W. FLETCHER, M. SMITH, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Litigation in this case spanned twelve years and included argument at every level of the federal courts. The case culminated in a fight over attorney's fees. Plaintiffs' counsel, the Friedman Firm, appeals the district court's finding that the settlement agreement between the parties barred counsel from recovering their fees from third-party beneficiaries through a common fund. Counsel also contends that the district court abused its discretion in calculating the fees that the Department of Health Care Services (DHCS) owed them pursuant to California's Private Attorneys General Act (PAGA), California Code of Civil Procedure § 1021.5. We affirm in part and reverse in part. Because the parties are familiar with the facts, we do not repeat them here, except where necessary to provide context for our ruling.

1. The district court's interpretation of the settlement agreement to preclude common fund attorney's fees is a legal question that we review *de novo*. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir. 1985) ("When the district court's decision is based on an analysis of the contractual language and an application of the principles of contract interpretation, that decision is a matter of law and reviewable de novo.").

"An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law." *Jeff D. v. Andrus*, 899 F.2d 753, 759–60 (9th Cir. 1989). To interpret the settlement agreement at issue here, we apply California contract law. *See id.* at 760. In California, "the interpretation of a

contract must give effect to the 'mutual intention' of the parties." *Waller v. Truck Ins. Exchange, Inc.*, 900 P.2d 619, 627 (Cal. 1995) (quoting Cal. Civ. Code § 1636). "Such intent is to be inferred, if possible, solely from the written provisions of the contract. The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense . . . controls judicial interpretation." *Id.* (internal citations and quotation marks omitted).

The agreement allowed Petitioners and Intervenors to seek an award of attorney's fees from the court under any common benefit theory—including a common fund—provided that they did not "assert any argument that would require DHCS or any other state agency to *utilize its resources* or modify its internal practices to assist plaintiffs' counsel in collecting any fee award that the court may grant." (emphasis added). The Friedman Firm was precluded from recovering fees from a common fund because any effort to do so would have required the State to utilize its resources to some extent. We affirm the district court's holding on this issue.

2. The Friedman Firm also argues that the district court erred when it reduced counsel's claimed hours and billing rate in calculating the fees that counsel could recover from DHCS pursuant to § 1021.5. "On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion." *Conservatorship of Whitley*, 241 P.3d 840, 845 (Cal. 2010) (internal quotation marks omitted). "A

3

district court abuses its discretion when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (internal quotation marks omitted).

In reducing the Friedman Firm's rate, the district court weighed the evidence in the record, including the historical rate the Friedman Firm charged clients, and the rate that the district court awarded to counsel representing Intervenors. The district court's reduction of the Friedman Firm's fees to $566 per hour between 2008 and 2016, and $628 per hour from 2017 to present, was not an abuse of discretion. *See Highland Springs Conference & Training Ctr. v. City of Banning*, 255 Cal. Rptr. 3d 331, 342 (Ct. App. 2019); *Morris v. Hyundai Motor Amer.*, 253 Cal. Rptr. 3d 592, 605 (Ct. App. 2019).

As to the number of hours the Friedman Firm billed, the district court abused its discretion in reducing the hours by fifty percent. California courts have recognized that "[w]hen a voluminous fee application is made," a court is permitted to "make across-the board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Kerkeles v. City of San Jose*, 196 Cal. Rptr. 3d 252, 263 (Ct. App. 2015) (internal quotation marks omitted). However, percentage-based cuts are "subject to heightened scrutiny," and the district court still must "set forth a

4

concise but clear explanation of its reasons for choosing a given percentage reduction," and "independently review the applicant's fee request." *Id.* (internal quotation marks omitted). Here, the district court inadequately justified awarding Friedman only fifty percent of his requested hours, while awarding Intervenors' counsel one hundred percent of theirs.

3. Finally, Friedman contends that the district court erred in declining to add a multiplier to Friedman's requested lodestar fees. "In most contingency cases, courts may [ ] increase the lodestar amount by applying a multiplier," designed to account for "the importance and difficulty of the litigation; the novelty of the issues involved; the risk of nonpayment for the attorney's services (the contingency factor); the skill of the attorney in presenting the case; and the magnitude of the results obtained." *Caldera v. Dep't of Corrections and Rehabilitation*, 261 Cal. Rptr. 3d 835, 839–40 (Ct. App. 2020). "The district court *must* apply a risk multiplier to the lodestar when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky. Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (internal quotation marks omitted). We hold that these criteria counsel in favor of applying a multiplier, as does the delay and the need to ensure that, in the future, lawyers are not dissuaded from taking up claims that will benefit

5

the public interest. The district court erred by failing to apply a multiplier.

Because of the district court's thorough fact-finding, we are able to modify the attorney's fees award on appeal, conserving judicial resources by avoiding the need to remand for further proceedings. Pursuant to the foregoing, we hold that the Friedman Firm is entitled to payment for seventy-five percent of its billed hours, at the rates set forth by the district court. We further hold that the Friedman Firm is entitled to a multiplier of 2. The Friedman Firm billed 8,699 hours. Seventy-five percent of this amount, multiplied by the hourly rate of $628, yields an award of $4,097,229.00.[1]  With a multiplier of 2, the Friedman Firm is entitled to $8,194,458.00 pursuant to California Code of Civil Procedure § 1021.5. The judgment of the district court is **AFFIRMED** in part and **REVERSED** in part. The case is **REMANDED** and the district court is ordered to enter judgment in favor of the Friedman Firm in the amount of $8,194,458.00.

---

[1] The district court used the higher hourly rate of $628 for all of the hours it awarded the Friedman Firm, reasoning that its reduction in the number of hours was based primarily on pre-2017 flaws in the Friedman Firm's time records. Following suit, we do the same here.